

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------

DEMOND MOORE,                          :          No.

           Plaintiff,              :

v.                                     :

IOD INCORPORATED and,                  :          **CLASS ACTION COMPLAINT**
NYU HOSPITALS CENTER,

          Defendants.             :

---------------------------------------------

Plaintiff Demond Moore ("Plaintiff"), by his attorneys, brings this action on behalf of himself and all others similarly situated against Defendants IOD Incorporated ("IOD") and NYU Hospitals Center, commonly known as NYU Langone Medical Center ("NYULMC") (together, "Defendants").

## INTRODUCTION

1. This action is brought by Plaintiff as a class action on behalf of himself and all others similarly situated, whose joinder in this action is impracticable.

2. Plaintiff and "qualified persons" acting on his behalf were overcharged by Defendants for copies of his "patient information" (hereinafter also referred to as "medical records") in violation of the statutory maximum charges permissible under New York Public Health Law § 18, which are not to exceed the lesser of "the costs incurred" or seventy-five cents ($0.75) per page.

3. This class action is brought for Defendants' violation of Public Health Law § 18, deceptive acts and practices in violation of New York General Business Law § 349, *et seq.*, and IOD's unjust enrichment, to recover for the damages caused to Plaintiff and all those similarly

situated, including treble damages and restitution for all excess monies paid by Plaintiff and the members of the Class (defined below), with interest, attorneys' fees, costs and disbursements.

## PARTIES

4.    Plaintiff is an individual currently residing in Levittown, New York.

5.    IOD is a Wisconsin for-profit corporation with a principal place of business in Green Bay, Wisconsin.

6.    At all relevant times herein, IOD was and is duly licensed to conduct business in the State of New York.

7.    NYULMC is a New York not-for-profit hospital with a principal place of business in New York, New York.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2)(A), in that this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.*

9.    Plaintiff is a citizen of the State of New York.  Defendant IOD, the primary defendant, is a citizen of the State of Wisconsin.

10.    Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because IOD and NYULMC conduct business in this District and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## CLASS ALLEGATIONS

11.     This class action is brought on behalf of Plaintiff and the following class

(the "Class") to recover for the harm caused by Defendant IOD's pattern of unlawful and

deceptive acts and practices as alleged herein:

> All qualified persons who requested copies of patient information from a health care
> provider located in the State of New York, and who paid Defendant IOD Incorporated for
> said copies between September 12, 2008 and the present (the "Class Period").

12.     Plaintiff also asserts his claims against Defendant NYULMC on behalf of the

following sub-class (the "NYULMC Sub-Class"):

> All qualified persons who requested copies of patient information from NYULMC, and
> who paid Defendant IOD Incorporated for said copies within the Class Period.

13.     Throughout the Class Period, Defendants engaged in deceptive acts and practices

and violated New York law by charging Class members more than the costs incurred by

Defendants to provide "qualified persons" copies of their medical records pursuant to New York

Public Health Law § 18.

14.     Rather than abiding by the statutory limitations, Defendants willfully overcharged

patients to the detriment of Plaintiff and the other members of the Class.

15.     The Class and NYULMC Sub-Class, as defined above, are identifiable and

unambiguous based upon objective information and criteria.

16.     Plaintiff is a member of the Class and NYULMC Sub-Class.

17.     The members of the Class and NYULMC Sub-Class are so numerous that joinder

is impractical.  Upon information and belief, the Class and NYULMC Sub-Class are comprised

of thousands of individuals.

18.     There are questions of law and fact common to the members of the Class and

NYULMC Sub-Class, which questions predominate over any individual issues.

3

19.     The claims and defenses of Plaintiff are typical of the claims of all members of the Class and NYULMC Sub-Class.  By proving his case, Plaintiff will simultaneously prove the case of the members of the Class and NYULMC Sub-Class.

20.     Plaintiff will fairly and adequately represent the Class and NYULMC Sub-Class.

21.     Plaintiff is willing and able to serve as a representative of the Class and NYULMC Sub-Class, and has no knowledge of any possible divergent interest between himself and any member of the Class or NYULMC Sub-Class.

22.     Plaintiff has retained highly competent counsel experienced in class actions and complex litigation to provide representation on behalf of Plaintiff and the Class and NYULMC Sub-Class.

23.     The prosecution of separate actions by individual members of the Class or NYULMC Sub-Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class or NYULMC Sub-Class, which would establish incompatible standards of conduct for Defendants.

24.     The prosecution of separate actions would also create a substantial risk of adjudications with respect to individual members of the Class or NYULMC Sub-Class, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

25.     Questions of law and fact common to members of the Class and NYULMC Sub-Class predominate over any questions affecting individual members.  The determinative facts and legal principles apply universally among Plaintiff and the members of the Class.

26.     Indeed, the predominant legal issue in this case, which cuts across the entire Class, is whether Defendants breached a legal duty universally owed to Plaintiff and the

4

members of the Class and NYULMC Sub-Class in failing to limit the charge for copies of medical records to the costs incurred by Defendants, as required by New York Public Health Law § 18.

27.     Other common questions of law and fact, which predominate over any questions affecting solely individual members of the Class and NYULMC Sub-Class, include but are not necessarily limited to:

a.     Whether Defendants violated General Business Law § 349, *et seq*.;

b.     Whether Defendants willfully or knowingly violated General Business Law § 349, *et seq*., and, if so, whether treble damages should be imposed against Defendants;

c.     Whether IOD was unjustly enriched to the detriment of Plaintiff and the members of the Class;

d.     Whether punitive damages should be awarded to Plaintiff and the members of the Class and, if so, the extent of such damages.

28.     If liability against Defendants is established on the basis of the common facts applied to universally applicable principles of law, then damages can be precisely calculated based on objective data.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy for reasons including that, due to the expense of pursuing individual litigation regarding Defendants' common course of conduct alleged herein, members of the Class and NYULMC Sub-Class would, as a practical matter, be effectively precluded from protecting and enforcing their legal rights.

## FACTUAL ALLEGATIONS

30.     New York Public Health Law § 18(2)(d) provides in relevant part that, "upon the written request of any qualified person, a health care provider shall furnish to such person, within a reasonable time, a copy of any patient information requested . . . ."

31.     New York Public Health Law § 18(2)(e) provides in relevant part that, "[t]he provider may impose a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider . . . ."

32.     Irrespective of "the costs incurred," New York Public Health Law § 18(2)(e) further provides in relevant part that "the reasonable charge for paper copies shall not exceed seventy-five cents per page."

33.     NYULMC is a "health care provider" within the meaning of New York Public Health Law § 18(1)(b).

34.     IOD is engaged in the business of fulfilling requests for medical records directed to health care providers in the State of New York, including NYULMC.

35.     During the Class Period, IOD has acted and continues to act as an agent of the health care providers in the State of New York for which it fulfills requests for medical records, including NYULMC.

36.     During the Class Period, the health care providers in the State of New York that have retained IOD to fulfill requests for medical records, including NYULMC, have given IOD express, implied, and/or apparent authority to act on their behalf with respect to the copying, furnishing, and billing for copies of medical records in response to such requests.

6

37.     During the Class Period, the health care providers in the State of New York that have retained IOD to fulfill requests for medical records, including NYULMC, have given IOD access to, custody, possession, and/or control of said persons' medical records.

38.     During the Class Period, IOD has charged and continues to charge more than its costs incurred for copies of medical records requested of health care providers in New York State by Plaintiff and the members of the Class.

39.     During the Class Period, NYULMC has charged and continues to charge more than its costs incurred for copies of medical records requested by Plaintiff and the members of the NYULMC Sub-Class.

40.     The costs incurred by Defendants for providing copies of medical records is less than seventy-five cents ($0.75) per page.

41.     Yet, during the Class Period, Defendants routinely have charged qualified persons the statutory maximum of seventy-five cents ($0.75) per page.

42.     As a result, Defendants have obtained substantial profits and windfalls and have been unjustly enriched at the expense of Plaintiff and the members of the Class and NYULMC, who have been and continue to be charged for copies of medical records in excess of the legally permissible rate and have suffered substantial damages as a result.

43.     Plaintiff and the members of the Class seek, *inter alia*, damages representing the difference between the per-page copying fee charged by Defendants and the per-page cost Defendants actually incur.

**Plaintiff's Transaction**

44.     In or about October 2011, Plaintiff, by and through his through his attorneys, Simonson Hess Leibowitz & Goodman, P.C., made a written request of NYULMC to provide copies of medical records reflecting its treatment of Plaintiff.

45.     Plaintiff made said request of NYULMC in connection with a personal injury lawsuit bearing New York Supreme Court Index Number 5224/11 (Kings County), in which Plaintiff was represented by Simonson Hess Leibowitz & Goodman, P.C. pursuant to the retainer agreement attached hereto as Exhibit A.

46.     Plaintiff is a "qualified person" within the meaning of New York Public Health Law § 18(1)(g).

47.     As attorneys representing Plaintiff, Simonson Hess Leibowitz & Goodman, P.C. also was acting as a "qualified person" within the meaning of New York Public Health Law § 18(1)(g) in making said request.

48.     During the period inclusive of October 2011, and for some time prior and subsequent thereto, NYULMC had a contract, agreement, or arrangement with IOD, whereby, among other things, IOD would copy and furnish medical records on behalf of NYULMC, in response to written requests made to NYULMC, and would bill said persons for copying and forwarding the medical records.

49.     Pursuant to the foregoing contract, agreement, or arrangement, NYULMC gave IOD access to, possession, custody, and/or control of Plaintiff's medical records, and IOD copied Plaintiff's medical records.

50.     On or about October 25, 2011, IOD responded to Plaintiff's request for copies of his medical records and forwarded a bill in the amount of $1,143.15 for copying 1503 pages of

medical records.  The bill stated that said fee represented $1,127.25 for copying (at a unit price of $0.75 per page) and $15.90 for "shipping."

51.     Plaintiff through his attorneys, Simonson Hess Leibowitz & Goodman, P.C., paid said $1,143.15 bill on or about October 26, 2011.

52.     Pursuant to his retainer agreement with Simonson Hess Leibowitz & Goodman, P.C., Plaintiff was obligated and responsible for paying disbursements, in accordance with New York State Judiciary Law, in the event of a monetary recovery by way of settlement.

53.     On or about March 5, 2014, Plaintiff settled the aforementioned personal injury lawsuit and paid his share of the case disbursements associated with the case, including the copy charges paid to IOD by Plaintiff's attorneys, Simonson Hess Leibowitz & Goodman, P.C.

54.     The fee charged to Plaintiff was in excess of IOD's costs incurred in copying said medical records.

55.     The fee charged to Plaintiff was in excess of NYULMC's costs incurred in copying said medical records.

56.     As a direct and proximate result of the foregoing, Plaintiff suffered damages by, among other things, being caused to pay fees for the medical records in excess of the legally permissible rate.

### COUNT I
### Violation of New York Public Health Law § 18
### (As Against Defendants IOD and NYULMC)

57.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 56 of this Complaint as if fully alleged herein.

58.     Defendants are required to comply with New York Public Health Law § 18 when providing medical records to Plaintiff and other members of the Class (including the NYULMC Sub-Class) in response to their written requests.

59.     New York Public Health Law § 18(2)(e) prohibits Defendants from charging fees for copies of medical records that exceed Defendants' costs incurred in providing said medical records.

60.     New York Public Health Law § 18(2)(e) further prohibits Defendants from charging in excess of seventy-five cents ($0.75) per page for paper copies of such medical records, irrespective of the costs incurred in copying said medical records.

61.     Defendants have violated New York Public Health Law § 18 by charging amounts in excess of the costs incurred to provide medical records.

62.     Defendants systematically have engaged in these illegal practices to the detriment of Plaintiff and the other members of the Class, including the NYULMC Sub-Class.

63.     As a direct and proximate result of the foregoing, Plaintiff and the other members of the Class and the NYULMC Sub-Class have been injured and suffered a monetary loss, and they are entitled to, *inter alia*, recovery of their actual damages and any other remedies afforded at law or in equity.

## COUNT II
### Violation of New York General Business Law § 349
### (As Against Defendants IOD and NYULMC)

64.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 63 of this Complaint as if fully alleged herein.

CASE 1:14-cv-08406-VSB   Document 1   Filed 10/21/14   Page 11 of 13

65.     The foregoing conduct by Defendants constituted and continues to constitute deceptive acts and practices in violation of New York General Business Law § 349, *et seq.*, and other applicable consumer protection laws, rules and regulations.

66.     Defendants have violated New York General Business Law § 349, *et seq.*, by, *inter alia*, deceptively and misleadingly:

        a.     Charging amounts in excess of the actual cost to produce medical records;

        b.     Charging seventy-five cents ($0.75) per page for copies of medical records, while failing to disclose that the actual cost of photocopying was below seventy-five cents ($0.75) per page; and

        c.     Failing to disclose the costs incurred to produce medical records.

67.     The foregoing conduct by Defendants was and is directed to consumers of healthcare providers, namely Plaintiff and the other members of the Class (including the NYULMC Sub-Class).

68.     As a direct and proximate result of the foregoing, Plaintiff and the other members of the Class and the NYULMC Sub-Class have been injured and suffered a monetary loss, and they are entitled to, *inter alia*, recovery of their actual and/or statutory damages, trebling of their damages, attorneys' fees, costs, disbursements and any other remedies afforded at law or in equity.

## COUNT III
### Unjust Enrichment
### (As Against Defendant IOD)

69.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 68 of this Complaint as if fully alleged herein.

70.     As a result of the foregoing conduct, Defendant IOD has wrongfully collected from Plaintiff and the members of the Class amounts of money in excess of its costs incurred in providing medical records pursuant to New York Public Health Law § 18.

71.     The receipt of payments of such excessive, improper, and unlawful fees has unjustly enriched, benefitted, and created a windfall for IOD, to the detriment and damage of Plaintiff and the members of the Class.

72.     Based on the foregoing, Plaintiff and the members of the Class are entitled to recover from IOD all all amounts to which IOD has been unjustly enriched, with interest accruing from the time of payment, trebling of the damages, costs, disbursements and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

(a)     Declaring that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for an order certifying this case as a class action;

(b)     Awarding actual and/or statutory damages on behalf of Plaintiff and the Class members in an amount to be proved at trial;

(c)     Awarding treble damages as permitted under New York General Business Law § 349, *et seq.*

(d)     Awarding Plaintiff and the Class all expenses, costs, and disbursements incident to the prosecution of this action, including reasonable attorneys' fees;

(e)     Ordering Defendant IOD to refund the illegal amounts charged to Plaintiff and the Class members;

(f)     Awarding prejudgment interest to Plaintiff and the Class;

(g)     Enjoining Defendants' deceptive acts and practices; and

(h)     For such other and further relief as allowed by law and/or as is equitable under the circumstances.

Dated:  October 21, 2014

                THE PLAINTIFF,
                DEMOND MOORE,
                BY HIS ATTORNEYS

                By: _____
                William H. Narwold
                Mathew P. Jasinski

Steven L. Hess
SIMONSON HESS LEIBOWITZ
& GOODMAN, P.C.
299 Broadway – Suite 1220
New York, NY  10007
(212) 233-3133
sh@hessleibowitz.com

                MOTLEY RICE LLC
                20 Church St., 17th Floor
                Hartford, CT 06103
                (860) 882-1681
                (860) 882-1682 (fax)
                bnarwold@motleyrice.com
                mjasinski@motleyrice.com